Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| HERMÓGENES TORRES SANTINI<br><br>Recurrido<br><br><br>v.<br><br><br>AUTO ACCESORIOS DE PUERTO RICO, INC.<br><br>Recurrente | TA2025RA00077 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor<br><br>Querella número: CAG-2024-0006537<br><br>Sobre: Talleres de mecánicas de automóviles |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

Comparece ante nos la parte recurrente, Auto Accesorios de Puerto Rico, Inc., mediante revisión judicial y solicita que revoquemos la determinación emitida por el Departamento de Asuntos del Consumidor el 15 de mayo de 2025, notificada el 20 del mismo mes y año. Mediante el referido dictamen, la agencia declaró Ha Lugar la querella radicada por la parte recurrida, Hermógenes A. Torres Santini.

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida.

### I

El 16 de diciembre de 2024, Hermógenes A. Torres Santini (Torres Santini o recurrido) radicó una *Querella* ante el Departamento de Asuntos del Consumidor (DACO) en contra de Auto Accesorios de Puerto Rico, Inc. (Auto Accesorios o recurrente), sobre unos servicios brindados en el taller de mecánica automotriz.

Alegó que adquirió un par de estribos eléctricos para su vehículo, instalados por Auto Accesorios. Según adujo, la instalación incluía tres (3) años de garantía. Sobre ello, arguyó que, en agosto de 2024, los estribos dejaron de funcionar y, por tanto, realizó una reclamación a Auto Accesorios. Planteó que, a pesar de haber realizado los esfuerzos necesarios para reclamar la garantía, Auto Accesorios no había arreglado los estribos. En virtud de ello, solicitó unos estribos nuevos con garantía de fábrica y la instalación de estos.

Posteriormente, el 26 de diciembre de 2024, notificada al día siguiente,[1] el DACO citó a las partes a una sesión de mediación. Ello, con el fin de discutir la controversia en un ambiente informal, ante un mediador, con miras a llegar a un acuerdo sobre los asuntos en cuestión.

En desacuerdo, el 27 de enero de 2025, Torres Santini presentó una moción por derecho propio, en la cual solicitó que no se llevara a cabo la sesión de mediación y, en su lugar, se celebrara una vista administrativa.

Atendida la solicitud, el mismo día, el DACO dejó sin efecto la sesión de mediación y refirió el caso a la División de Adjudicación para el trámite administrativo correspondiente. En atención a ello, el 21 de marzo de 2025, notificada el 24 del mismo mes y año, dicha división citó a las partes para una vista administrativa a celebrarse el 8 de abril del año corriente. Dicha vista fue celebrada en la fecha señalada con la comparecencia única de Torres Santini por derecho propio.

Evaluada la prueba documental y testifical presentada por Torres Santini y admitida en evidencia, el DACO le mereció credibilidad a dicha parte. En consecuencia, el 15 de mayo de 2025,

---

[1] Cabe destacar que de la copia certificada del expediente administrativo surge una citación a mediación adicional emitida y notificada el 24 de enero de 2025.

notificada el 20 del mismo mes y año, la agencia emitió la *Resolución* que nos ocupa, mediante la cual declaró Ha Lugar la acción de epígrafe. En particular, el organismo administrativo esbozó las siguientes determinaciones de hechos:

1. El 4 de mayo de 2024[,] [el] [q]uerellante compró del [q]uerellado unos estribos eléctricos para su unidad vehicular.
2. El costo de dichos estribos/accesorios era de $2,499.00 dólares e incluía la instalación. El [q]uerellante pagó la totalidad del costo mediante tarjeta de crédito.
3. Con dicha compra se extendió una garantía de tres (3) años.
4. Para comienzos del mes de julio[,] el estribo del lado derecho comenzó a fallar ya que no abrían, no bajaron. El [q]uerellante reclamó de inmediato al [q]uerellado y este le notific[ó] que mandaría a buscar el motor del estribo y que le avisaría cuando llegara el mismo.
5. Pasado un mes, (agosto aproximadamente) el estribo del lado izquierdo también presentó fallas, por lo que el [q]uerellante reclamó nuevamente al [q]uerellado.
6. El [q]uerellado solicitó entonces el motor del lado izquierdo y le indicó al [q]uerellante [que] tardaría unos meses en llegar ambos motores.
7. Pasados dos meses[,] el [q]uerellante fue en varias ocasiones al establecimiento del [q]uerellado, trató de hablar con el Sr. Hidalgo (dueño del establecimiento [q]uerellado) y [e]ste nunca estaba.
8. A los reclamos del [q]uerellante para saber [el] [e]status de cu[á]ndo le llegarían los motores de los estribos, la respuesta era siempre que ya estaban pedidos y[,] posteriormente[,] que estaban en "backorder".
9. El querellante[,] frustrado ante la falta de cumplimiento por parte del [q]uerellado, el 16 de diciembre de 2024, el [q]uerellante *[sic]* presentó [una] Querella ante este Departamento y solicitó la instalación de otros estribos nuevos de igual o mejor calidad con garantía de fábrica.

El DACO indicó que la prueba desfilada en la vista había demostrado que Torres Santini cumplió con su obligación contractual al pagar todo el dinero solicitado por la compra e instalación de los estribos en cuestión. Determinó que los referidos estribos presentaron defectos dentro del periodo de garantía y fueron reclamados en ese mismo periodo. Concluyó que, por el contrario, Auto Accesorios incumplió su obligación contractual al no reemplazar los motores de los estribos. Coligió que Auto Accesorios,

además, hizo caso omiso a las gestiones realizadas por Torres Santini para cumplir con lo acordado. Enfatizó que Auto Accesorios tuvo la oportunidad de instalar los motores de los estribos según se comprometió con Torres Santini, pero no lo hizo. Resolvió que, ante tal incumplimiento, procedía que Auto Accesorios instalaran unos estribos nuevos en el término de quince (15) días y que comenzara a transcurrir la garantía de fábrica. Advirtió que, si Auto Accesorios no cumplía con lo anterior, se decretaría la resolución del contrato y la devolución de las prestaciones por la suma de $2,499.00 en un término de cinco (5) días.

En desacuerdo, el 4 de junio de 2025, Auto Accesorios presentó una *Moción de Reconsideración.* En síntesis, alegó que las determinaciones de hechos esbozadas por la agencia estaban en controversia. Arguyó que no pudo comparecer a la vista administrativa porque se encontraba en preparativos para un viaje de negocios en China, donde se llevarían a cabo unas reuniones con los distribuidores que le suplían las piezas de los vehículos. Planteó que dicho viaje requirió mucha planificación y atención de su parte y de sus empleados, lo cual impidió que se enterara oportunamente de la vista administrativa. Detalló que la notificación de la citación a la vista fue recibida por un empleado; sin embargo, debido a un descuido, dicho empleado no le entregó la notificación. Sostuvo que dicho error humano, ajeno a su voluntad, provocó que no tuviera conocimiento de la vista hasta que recibió la notificación de la *Resolución* recurrida. En virtud de ello, solicitó que se reconsiderara la referida determinación y se ordenara la celebración de una vista evidenciaria, a los fines de permitir la presentación de prueba sobre los hechos constitutivos que fueron excluidos de la reclamación de Torres Santini.

Atendida la solicitud de reconsideración, el 11 de junio de 2025, notificada el 13 del mismo mes y año, el DACO la declaró No Ha Lugar.

Inconforme con la determinación de la agencia, el 10 de julio de 2025, la parte recurrente compareció ante nos y realizó el siguiente señalamiento de error:

> ERRÓ LA HONORABLE LA *[SIC]* AGENCIA AL DECLARAR CON LUGAR LA QUERELLA RADICADA POR EL SR. TORRES SANTINI Y ORDENAR A AUTO ACCESORIOS A QUE EN EL TÉRMINO DE QUINCE (15) [DÍAS] INSTALE UNOS ESTRIBOS NUEVOS Y SE EXTIENDA GARANTÍA NUEVAMENTE. VENCIDO DICHO PLAZO SIN QUE LA PARTE QUERELLADA CUMPLA CON LA INSTALACIÓN DE LOS NUEVOS ESTRIBOS, SE DECRETA DE RESOLUCIÓN DEL CONTRATO Y LA DEVOLUCIÓN DE LAS PRESTACIONES[,] POR LO CUAL LA PARTE QUERELLADA DEBERÁ PAGAR AL QUERELLANTE LA SUMA DE $2,499 DÓLARES EN EL TÉRMINO DE CINCO (5) DÍAS, VENCIDO YA EL PRIMER PLAZO CONCEDIDO. UNA VEZ SE EFECTÚE EL PAGO, LA PARTE QUERELLANTE DEBERÁ PONER A DISPOSICIÓN LA UNIDAD PARA QUE SE RETIREN (ESE MISMO DÍA) LOS ESTRIBOS DEFECTUOSOS INSTALADOS EN SU UNIDAD.

Evaluado lo anterior, ordenamos a la parte recurrida presentar su alegato en oposición conforme la Regla 63 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 88-89, 215 DPR __ (2025). Ha transcurrido mayor término a lo concedido sin que la recurrida haya acreditado escrito alguno ante esta Curia, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia.

## II

### A

Sabido es que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Otero Rivera v. Bella Retail Group, Inc. y*

*otros*, 2024 TSPR 70, resuelto el 24 de junio de 2024; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024; *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta. Es por ello que nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 753 (2023).

En *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.* Véase, además, *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, supra, y *Super Asphalt v. AFI y otro*, supra, pág. 819.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*

Bajo este supuesto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675 (LPAU), estableció "el marco de revisión judicial de las determinaciones de las agencias administrativas". *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, resuelto el 27 de marzo de 2025, citando a *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012); *Rolón Martínez v. Supte. Policía*, supra, págs. 35-36; *OEG v. Martínez Giraud*, supra; *Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217. Nuestro Máximo Foro ha expresado que esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente

administrativo considerado en su totalidad. *Íd.; OEG v. Martínez Giraud,* supra; *Super Asphalt v. AFI y otro,* supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Torres Rivera v. Policía de PR*, supra, pág. 627. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Íd.*

El Tribunal Supremo de Puerto Rico ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *Torres Rivera v. Policía de PR*, supra, págs. 627-628; *OEG v. Martínez Giraud*, supra. Finalmente, nuestra más Alta Curia ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *OEG v. Martínez Giraud*, supra, pág. 11.

**B**

El Departamento de Asuntos del Consumidor (DACO) constituye el organismo administrativo cuyo principal propósito es defender, vindicar e implantar los derechos de las personas consumidoras en nuestra jurisdicción, mediante la aplicación de las leyes que asistan sus reclamos. Art. 3 de la Ley Orgánica del

Departamento de Asuntos del Consumidor, Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 LPRA sec. 341b; *Polanco v. Cacique Motors,* 165 DPR 156 (2005). A tenor con ello, la agencia está plenamente facultada para resolver las quejas y querellas promovidas por las personas ciudadanas en ocasión a que se transgredan las disposiciones legales que proveen para la protección de sus prerrogativas; ello, en cuanto a servicios adquiridos o recibidos del sector privado de la economía. A su vez, el DACO está facultado para conceder los remedios pertinentes mediante la debida adjudicación administrativa. 3 LPRA secs. 341h, 341i-1.

En virtud de lo anterior, mediante la aprobación del Reglamento de Procedimientos Adjudicativos del DACO, Reglamento Núm. 8034 de 14 de junio de 2011 (Reglamento Núm. 8034), el organismo adoptó un esquema uniforme de reglas para la dilucidación de las controversias sometidas a su consideración. De este modo, la agencia ve regido el ejercicio de sus poderes respecto al proceso adjudicativo de que trate, por la aplicación de normas afines a la solución justa, rápida y económica de las querellas. Regla 1 del Reglamento Núm. 8034, *supra.* Las reglas contenidas en el referido precepto aplicarán a las investigaciones y los procedimientos administrativos sobre querellas iniciadas por consumidores o por el DACO. Regla 3 del Reglamento Núm. 8034, *supra.* Toda resolución emitida por esta agencia otorgará el remedio que en derecho proceda, aun cuando la parte querellante no lo haya solicitado. Regla 27.1 del Reglamento Núm. 8034, *supra.* Ahora bien, en la ejecución de sus facultades adjudicativas, la Regla 24 del Reglamento Núm. 8034, *supra,* expresamente adopta el principio administrativo sobre la aplicación subsidiaria de las reglas procesales y probatorias propias de los trámites judiciales, al disponer como sigue:

Las Reglas de Procedimiento Civil y de Evidencia no serán de estricta aplicación a las vistas administrativas, sino en la medida en que el Funcionario o Panel de Jueces que presida la vista o el Departamento estime necesario para llevar a cabo a los fines de la justicia.

Por otra parte, el Reglamento Núm. 8034, *supra*, esboza las condiciones en las que se llevará a cabo la celebración de una vista administrativa. En particular, el DACO fijará la fecha de la vista y la notificará por escrito a las partes que será no antes de quince (15) días de dicha notificación, a menos que las partes pacten otra fecha, con la anuencia de quien presida los procedimientos. Regla 20.2 del Reglamento Núm. 8034, *supra.* En lo aquí atinente, dicho cuerpo reglamentario establece que **si la parte querellada no comparece se podrán eliminar sus alegaciones**. *Íd.* Asimismo, la agencia podría, además, condenar al pago de honorarios de abogado(a) o dictar cualquier otra orden que en Derecho proceda. *Íd.* En dicha vista, las partes podrán presentar evidencia documental y testifical, incluyendo evidencia de carácter técnico y pericial. Regla 20.5 del Reglamento Núm. 8034, *supra.*

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En la presente causa, la parte recurrente argumenta que el DACO erró al declarar Ha Lugar la acción de epígrafe y ordenar la instalación de unos estribos nuevos y que se extendiera nuevamente la garantía. Habiendo examinado los referidos señalamientos a la luz del derecho aplicable y la prueba, confirmamos la *Resolución* administrativa recurrida. Nos explicamos.

Un examen sosegado del expediente que nos ocupa mueve nuestro criterio a resolver que no se hacen presentes los criterios legales que legitiman nuestra intervención respecto a lo dispuesto por el organismo administrativo concernido. Nuestro ordenamiento jurídico actual establece expresamente que si la parte querellada no

comparece a la vista administrativa se pueden eliminar sus alegaciones. En el caso de autos, la citación a la vista fue oportunamente notificada a la parte recurrente, conforme surge de la copia certificada del expediente administrativo y de las propias admisiones de dicha parte. El recurrente sostiene que la agencia recurrida debe celebrar otra vista porque su incomparecencia se debió a un "error humano" cometido por uno de sus empleados al no entregarle oportunamente la mencionada notificación. Asimismo, argumenta que tal inadvertencia fue ocasionada porque, en aquel momento, se encontraba en los preparativos de un viaje laboral a China y que, para la fecha de la vista, estaba fuera de Puerto Rico. Sin embargo, ninguno de los planteamientos esbozados por el recurrente es atribuible al organismo administrativo. A nuestro juicio, el manejo y resolución del caso desplegado por el DACO estuvo dentro de los parámetros de su sana discreción y no amerita nuestra intervención.

A su vez, la determinación aquí impugnada obedeció a un ejercicio razonable de apreciación de prueba por parte de la entidad recurrida, a la adecuada función de las facultades legales que le asisten, así como también, a una correcta interpretación y aplicación del derecho pertinente. En particular, la *Resolución* recurrida está basada en evidencia sustancial que no fue controvertida por la parte recurrente. En el caso de autos, la agencia dio credibilidad al testimonio de la parte recurrida de que el recurrente incumplió su obligación contractual al no reemplazar los motores de los estribos en cuestión, conforme estaba garantizado.

En mérito de lo antes expuesto, sostenemos la determinación agencial recurrida. Nada en el expediente de autos sugiere que el pronunciamiento que atendemos haya resultado de un ejercicio arbitrario atribuible al DACO. Por tanto, en ausencia de prueba al contrario, solo podemos sostener su determinación.

**IV**

Por los fundamentos que anteceden, confirmamos la *Resolución* administrativa recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones